## Viscount v. Rodgers

*J. J. Kintner,* for plaintiff; *D. E. Custer,* for defendant.

McKENRICK, J., April 30, 1934.—A petition has this day been presented by Jennie Viscount praying that Harry T. Rodgers, tax collector for the Borough of Westmont, be restrained from selling the personal property of petitioner levied upon and advertised for sale on April 30, 1934, for county, borough, and school taxes for the year 1933, and that he be commanded to make return to the county commissioners of the tax assessed against the property of petitioner.

A previous petition, of somewhat similar import, was presented to no. 46, March term, 1934, of the court of common pleas of this county on April 25, 1934, by the aforesaid petitioner, and a rule was granted thereon returnable forthwith. No answer having been filed, the court made its decree, under the Act of August 26, 1932, P. L. 101, in which the tax collector was directed to accept in instalments not less than 10 percent of the face amount of the taxes, without more. The aforesaid direction was made, the court being of the opinion that the act in question was mandatory insofar as it required the tax collector to accept instalments of taxes. Counsel for the respondent tax collector raises orally before us the question of jurisdiction in regard to any further order relating to restraining the tax collector from further proceedings looking toward the collection of the taxes.

Upon consideration, we are unable to grant the prayer of the petitioner for the following reasons:

The act under which the petition is drawn is silent as to the periods over which instalments may continue and, furthermore, expressly reads that "The acceptance of any instalment or instalments by any delinquent tax collector shall not prejudice the . . . borough . . . or school district in the collection of any balance due, or in any way impair the validity of any lien filed for such delinquent taxes . . . or any balance due thereon, according to the provisions of any act of assembly applicable thereto". Under existing laws, the right and duty of a tax collector is to collect first from the personal property on the premises, and although it is permissible that a return be made by a tax collector against the real property, even though personal property remains on the premises, yet it nowhere appears that the duty is any the less on the part of the tax collector to exhaust personal property before making his return. Had the legislature intended that a stay such as prayed for be made in the levy upon the personal property, such intention would have been expressed in the act, after the analogy of the Act of May 18, 1933, P. L. 826, relating to the stay of writs of execution against, and tax sales of, certain real property which also, as in the case of the present act, may be properly termed an emergency act. Were the court to read into the act relating to the payment by instalments the length of time over which such payments may be made and, what is of more importance, read into the said act the power to set aside a levy made by the tax

collector, it would, by apt words, have been so provided. In the absence of such declaration, the court would be arrogating to itself the right, in effect, to legislate in this important particular, which action would have far-reaching effects and implications on other acts of assembly relating to taxation and the duty of a tax collector. In the absence, then, of the express intention on the part of the legislature to confer such powers, we are of the opinion that they cannot be read into the act by implication.

In addition, it may be said that the failure of the taxable to invoke the provisions of the act relating to the payment in instalments, until a few days before the tax collector is required by law to make his return, brings into discussion the question of laches. The school tax became delinquent October 1, 1933, and the borough and county taxes on January 1, 1934. From those dates until April 30, 1934, no effort was made on the part of the taxable to invoke the aid of the act providing for payment by instalments, and to grant the prayer of the petitioner would encourage such procrastination on the part of other taxables, with the result that the fiscal affairs of the municipality or quasi-municipality would be put in great disorder and uncertainty.

It is conceded that the Borough of Westmont never availed itself of the provisions of the Act of July 25, 1932, P. L. 10, which provided that by ordinance borough taxes might be collected by monthly or other periodic instalments; and it is likewise conceded that the school district of the Borough of Westmont, by resolution, enacted that payment might be made if applied for before October 2, 1933, by instalments, upon the payment of the taxable of one fourth of the amount assessed at the time of his application, and the remaining three fourths in bimonthly instalments thereafter.

Wherefore, for the reasons heretofore given, we conclude that the prayer of the petitioner that the sale of the personal property as advertised be stayed, and that the tax collector be commanded to make return of the taxes to the county commissioners, is denied.     From Henry W. Storey, Jr., Johnstown, Pa.